IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JENNIFER L. GAILEY, | : |
| Plaintiff, | : |
| VS. | : |
| | :  7 : 10-CV-22 (HL) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on March 29, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed an application for disability benefits and supplemental security income on September 18, 2007.  (T-96, 99, 104).  Her claims were denied initially and upon reconsideration.  (T-47, 51, 57, 61).  A hearing was held before an ALJ in Thomasville, Georgia on April 7, 2009.  (T-24-42).  Thereafter, in a hearing decision dated June 3, 2009, the ALJ determined that the Plaintiff was not disabled.  (T- 8-19).   The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-1-4).

*Statement of Facts and Evidence*

The Plaintiff was thirty-eight (38) years of age at the time of the ALJ's decision, and alleged disability since September 27, 2007, due to knee problems, back problems, carpal tunnel syndrome, high blood pressure, arthritis, gastroesophageal reflux disease ("GERD"), rectal bleeding, ovarian cysts, and depression.  (T-43-46).  She attended school until the ninth grade and has past relevant work experience as a cashier and store manager.  (T- 17, 28, 136).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative joint disease of the bilateral knees, obesity, and degenerative disc disease of the lumbar spine, status-post laminectomy.  (T-13).  The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity.  (T - 15).  The ALJ relied on the testimony of a Vocational Expert to determine that although the Plaintiff could not return to her past

relevant work, the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was not disabled.  (T- 17-18).

## DISCUSSION

*Residual functional capacity*

The Plaintiff asserts that the ALJ erred in determining her residual functional capacity, by ignoring limitations imposed by her treating psychiatrist, failing to properly evaluate opinions from treating physicians, and failing to properly evaluate Plaintiff's obesity.

*Physicians' opinions*

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).  Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

"Absent 'good cause', an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight'. . . With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so."  *Winschel v. Comm'r. of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

The Plaintiff asserts that the ALJ ignored limitations issued by treating psychiatrist Dr. Vandewalle and thereby erred in finding Plaintiff's depression to be a non-severe condition. Dr. Vandewalle began treating the Plaintiff in July 2008 for major depression and bipolar disorder. (T - 571-580, 614-624). In March 2009, Dr. Vandewalle opined that the Plaintiff was markedly limited in her daily activities, social functioning, and concentration, persistence or pace, and experienced one or two episodes of decompensation. (T - 614-621). Within Plaintiff's treatment notes and records from the mental health treatment center, it was specifically noted that Plaintiff's

> bipolar and mood disorders are not, by themselves, severe enough to qualify her for disability. However, they potentiate her significant medical problems, limit her ability to maintain focus on any task, and preclude any success in retraining for additional employment skills. [Plaintiff] is not able to function, for even a few days, within any type of employment setting. . . . Her behavioral and physical limitations are chronic and future recovery, to any extent, is extremely unlikely. As such, she should be considered totally disabled for any type of employment.

(T - 621).

The ALJ discusses and evaluates the findings regarding Plaintiff's mental condition only in reference to Steps 2 and 3 of the sequential evaluation process. (T - 14). In finding that Plaintiff's depression was not a severe impairment, in that it did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities, the ALJ relied in part on a portion of the treatment notes from Plaintiff's mental health treatment as provided by Dr. Vandewalle and other health care specialists. (T - 14, 571-80). Without citing to any specific portion of the Plaintiff's mental health treatment notes or the objective medical record, the ALJ concludes that:

> [Plaintiff's] depression results in mild limitation in activities of daily living; mild limitation in social functioning; mild limitation in concentration, persistence or pace; and no episodes of decompensation which have been of extended duration. The claimant received some mental health treatment beginning in July 2008 and quickly responded to treatment.

T - 14.

The ALJ did not discuss Dr. Vandewalle's opinions or findings, nor did he provide specific reasons to reject the opinion of disability issued by Dr. Vandewalle.  As the Plaintiff asserts, the ALJ's decision is void of any discussion or consideration of the limitations issued by Dr. Vandewalle, either specifically or in terms of a general discussion of the evidence.   The Eleventh Circuit has clearly stated that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. . . . [and] when the ALJ fails [to do so], we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'"  *Winschel*,  631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).   Moreover, pursuant to 20 C.F.R. § 404.1527(d)(2), "[the Social Security Administration] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

As in *Winschel*, the ALJ herein failed to even mention the opinion of a treating physician (Dr. Vandewalle) or evidence any consideration thereof.  "[W]ithout clearly articulated grounds for [the ALJ's decision], [the Court] cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence", requiring that this matter be reversed and remanded.  *Id.*; *see also, Lawton v. Comm'r. of Social Security*, 2011 WL 2471475 (M.D.Ga. Docket No. 5 : 09-CV-239-MTT) (failure of ALJ to reference and assign weight to treating physicians' opinions, which were contrary to the ALJ's residual functional capacity assessment, required reversal and remand).

The undersigned therefore finds that the ALJ erred in failing to discuss or assign weight to the opinions issued by Dr. Vandewalle, and in this regard erred in determining Plaintiff's residual functional capacity.  The Court has reviewed the Plaintiff's additional assertion that the ALJ erred in discounting the medical opinions offered by treating physicians Dr. Holland and Dr. Griffin, as well as her contention that the ALJ inadequately considered her obesity in determining her residual functional

5

capacity. However, the Court finds that the ALJ provided specific and adequate reasons for discounting Drs. Holland and Griffin's opinions and limitations, and that the ALJ properly considered the Plaintiff's obesity. (T - 16). Therefore, the ALJ's determinations as to these issues are supported by substantial evidence.

*Credibility determination*

The Plaintiff also argues that the ALJ failed to properly assess her credibility, in that he failed to evaluate the entire case record and failed to set forth credibility findings supported by substantial evidence. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)**.** Social Security Ruling 96-7p sets out the proper

procedure for evaluation of an individual's credibility, and clarifies when the evaluation of symptoms, including pain, requires a finding about the credibility of an individual's statements. In evaluating credibility, the adjudicator may look to factors including but not limited to: 1) the medical signs and laboratory findings and statements issued by treating or examining physicians; 2) the claimant's history and treatment; 3) the claimant's prior work record and efforts to work; 4) the claimant's daily activities. SSR 96-7p, 20 CFR 404.1529 (July 2, 1996).

A review of the ALJ's decision and the objective medical record reveals that the ALJ properly evaluated the medical record as a whole in accordance with applicable Social Security rulings and provided specific reasons for discrediting the Plaintiff's subjective complaints, including lack of support in the objective medical evidence and conflict with Plaintiff's admitted activities and abilities. (T - 16). However, the Court finds that the ALJ's reasons for discrediting the Plaintiff's subjective complaints are not supported by substantial evidence.

The ALJ noted that the Plaintiff continued to engage in substantial gainful activity following back and carpal tunnel surgeries in 1999, and engaged in cooking, shopping, house cleaning and visiting on a frequent basis. (T - 16). The ALJ also noted that the Plaintiff reported to mental health professionals in July 2008 that she at times cleaned house, washed the car, and straightened closets, thereby diminishing her credibility in regard to allegations of extreme fatigue and the need to rest frequently. *Id*. However, review of the objective medical record and Plaintiff's testimony reveals that she reported periods of mania associated with her diagnosed bipolar disorder in which she had bursts of activity, but there is no indication that these episodes were frequent or prolonged. Additionally, the objective medical record and Plaintiff's testimony show that she has experienced a reduction in physical abilities since her alleged onset date and that her daily activities are more restricted than as described by the ALJ. (T - 31, 580, 582, 597- 601, 608, 609). The ALJ's reasons

for discrediting Plaintiff's testimony regarding her subjective symptoms and ability to function on a daily basis are not supported by the objective record and the ALJ's conclusions in this regard are therefore not supported by substantial evidence.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g). On remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence from Dr. Vandewalle and also reconsider his credibility findings. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 18th day of August, 2011.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb