...

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**JENNIFER L. GAILEY,**

    Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner,**

    Defendant.

Civil Action 7:10-CV-22 (HL)

## ORDER

This case is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 16).

On September 13, 2011, the Court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings. (Doc. 14). On December 5, 2011, Plaintiff filed a motion for attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA") (Doc. 16).

In the EAJA motion, Plaintiff seeks an award of attorney's fees in the amount of $6,703.12, payable directly to Plaintiff. The requested fee award consists of $182.15 per hour for 8.2 hours of work by Charles L. Martin and $182.15 per hour for 28.60 hours of work by Perrie H. Naides. According to counsel, the hourly rate of $182.15 is based on the calculated September 2011 Consumer Price Index ("CPI") hourly rate.

The Commissioner objects to the motion, and argues that counsel is not entitled to payment of the September 2011 CPI rate for work performed in 2010.

## I.   ANALYSIS

The EAJA, as codified at 28 U.S.C. § 2412(d)(1)(A), provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Subsection (d)(2)(A) further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

There is no dispute that Plaintiff is the prevailing party in this case.

### 1.   Hourly Rate

The Eleventh Circuit held in <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and

> reputation.'. . .The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations and footnote omitted).

The first step under Meyer is for the Court to determine the relevant market rate. The Eleventh Circuit has stated that:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work....Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299 (internal citations omitted).

To establish the market rate, Plaintiff provides an affidavit from Martin, one of the attorneys who worked on this case. He opines that the fair market value of attorney services for work before the Social Security Administration is in excess of $225 per hour.

Plaintiff has provided no evidence as to market rate other than the affidavit of Martin. That alone is not sufficient to establish the relevant market rate. *See*

Norman, 863 F.2d at 1299. However, the Court may also consider its own knowledge and experience and form an independent judgment as to the relevant market rate. Id. at 1304. The Court is also aware that other judges in this division have determined the market rate for Martin to be $180 per hour. *See* Hosley v. Astrue, No. 5:09-CV-379 (MTT), 2011 WL 3300687 (M.D. Ga. Aug. 2, 2011). It has also previously been determined that the market rate for the services of Naides exceeds the maximum statutory rate of $125. *See* Taylor v. Astrue, No. 5:09-CV-146 (HL), 2011 WL 7025139 (M.D. Ga. Dec. 15, 2011); Brown v. Astrue, No. 5:10-CV-49 (MTT), 2011 WL 3296165 (M.D. Ga. Aug. 2, 2011). Because the Court finds that the market rate for the services of Martin and Naides exceeds the maximum statutory rate of $125 per hour, it must proceed to the second step of the Meyer analysis.

The Court cannot find a reason to decline to apply the cost-of-living escalator. Judge Clay Land in Hartage v. Astrue, No. 4:09-CV-48 (CDL), 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011), as adopted by Judge Marc Treadwell in Brown v. Astrue, No. 5:10-CV-49 (MTT), 2011 WL 3296165 (M.D. Ga. Aug. 2, 2011), clarified the proper way to calculate the amount of inflation when determining EAJA attorney's fees. In Hartage, the court reasoned that the reasonable attorney's fees must reflect the year in which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as cases 'where the delay is unjustifiably caused by the defense.'" Hartage, 2011 WL 1123401, at *2 (quoting Perdue v.

4

Kenny A. ex rel. Winn, --- U.S. ---, 130 S.Ct. 1662, 1675 (2010)). Judge Land did not find that the case was unusual and did not apply an enhancement. He calculated attorney's fees based upon the annual average CPI for 2009 and 2010. He applied the February 2011 CPI for work performed that month.

Similarly in Brown, Judge Treadwell found that the case was not unusual and did not apply an enhancement. As the EAJA motion was filed in 2011, and work was done on the case in 2010, January 2011, February 2011, and April 2011, Judge Treadwell determined that the appropriate rates to be paid were the CPI adjusted rates for 2010, January 2011, February 2011, and April 2011. Brown, 2011 WL 3296165, at *2.

Here, the EAJA motion was filed in 2011. Ms. Naides worked on the case for 28.6 hours in 2010. Mr. Martin worked on the case for 7 hours in 2010, 0.1 hours in August 2011, 0.1 hours in September 2011, and 1 hour in December 2011.

Consistent with Hartage and Brown, the Court finds that counsel worked 35.6 hours in 2010 at a rate of $175.06, 0.1 hours in August 2011 at a rate of $181.88, 0.1 hours in September 2011 at a rate of $181.78, and 1 hour in December 2011 at a rate of $180.59. The Court does not find that this is an unusual case where an enhancement should be granted.[1] Accordingly, the Court

---

[1] Counsel in this matter should now be well aware of the proper computation for determining the hourly rate for attorney's fees performed both in years prior to an EAJA motion being filed, and the actual year the motion is filed. The computation is as follows:

finds that Plaintiff is entitled to $6,449.10 in attorney's fees under the EAJA.[2]

## II.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 16) is granted, in part, and denied, in part, as outlined herein. Plaintiff is awarded $6,449.10 in attorney's fees under the EAJA to be paid directly to Plaintiff.

**SO ORDERED**, this the 20th day of June, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

$$\frac{\text{[The average CPI for the year in which the work was performed or, if work was performed in the year that the motion was filed, the average CPI for the month in which the work was performed]}}{155.7 \text{ [March 1996's average CPI, the month the statutory cap changed from \$75]}} \times 125 \text{ [the statutory cap]}$$

Lawton v. Astrue, No. 5:09-CV-239, 2012 WL 1119459 (M.D. Ga. Apr. 3, 2012).

[2]

| Year | Rate | Hours | Total |
|---|---|---|---|
| 2010 | $175.06 | 35.6 | $6,232.14 |
| Aug. 2011 | $181.88 | 0.1 | $18.19 |
| Sept. 2011 | $181.78 | 0.1 | $18.18 |
| Dec. 2011 | $180.59 | 1 | $180.59 |